NOT DESIGNATED FOR PUBLICATION

No. 128,111

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODNEY KINDLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Submitted without oral argument. Opinion filed November 26, 2025. Sentence vacated and case remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Ashley McGee*, assistant county attorney, *Amy Aranda*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

CLINE, J.: Rodney Kindle appeals two aspects of his sentence for possession of methamphetamine. He claims: (1) His prior criminal threat conviction should not have been used to calculate his criminal history score, and (2) his jail time credit was improperly calculated. Kindle preserved both challenges for our review.

The State concedes that, under *State v. Smith*, 320 Kan. 62, 563 P.3d 697 (2025), Kindle's prior criminal threat conviction should not have been used to calculate his criminal history score. It also agrees Kindle's sentence should be vacated and remanded

1

since the record is not clear on whether he is entitled to additional jail time credit under *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023).

The State's concessions are merited under current Kansas Supreme Court precedent. We also note that *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025), was issued after the parties filed their briefs, and its holding may impact the calculation of Kindle's jail time credit as well. We therefore vacate Kindle's sentence and remand the matter for resentencing and consideration of the appropriate jail time credit that Kindle should receive.

That said, we acknowledge the State's arguments that the holding in *Smith* appears unsound. As an intermediate appellate court, we are bound by Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *Tillman v. Goodpasture*, 56 Kan. App. 2d 65, 77, 424 P.3d 540 (2018), *aff'd* 313 Kan. 278, 485 P.3d 656 (2021). But we strongly encourage the Kansas Supreme Court to revisit its holding in *Smith* and its interpretation of K.S.A. 21-6810(d)(9).

In *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), the court held that the portion of K.S.A. 21-5415 criminalizing reckless criminal threat is unconstitutionally overbroad because the court found it can apply to statements made without the intent to cause fear of violence. But then the United States Supreme Court held in *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), that a mental state of recklessness is sufficient to establish a true threat. Our court declared that *Counterman* "effectively overrules" *Boettger*, and its holding "applies to any pending criminal case in Kansas in which the defendant's sentence is not final." *State v. Phipps*, 63 Kan. App. 2d 698, Syl. ¶ 1, 539 P.3d 227 (2023), *rev. granted* 318 Kan. 1089 (2024).

The Kansas Supreme Court did not address our interpretation of *Counterman*'s impact on *Boettger* in its review of our decision in *Phipps*. Instead, it dismissed Phipps' appeal as moot. *State v. Phipps*, 320 Kan. 616, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025. The issue may not be settled, however, since our Supreme Court recently granted the parties' motions for rehearing or modification in *Phipps*.

While the court did not address our declaration about *Counterman*'s impact on *Boettger* in *Phipps*, it addressed it in *Smith*. In that case, the court found the question of whether *Counterman* "effectively overruled" *Boettger* is irrelevant, based on the court's interpretation of K.S.A. 21-6810(d)(9). 320 Kan. at 91. This statute guides criminal history classifications and states, in relevant part: "Prior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." K.S.A. 21-6810(d)(9).

The Kansas Supreme Court interpreted the language of K.S.A. 21-6810(d)(9) to mean that if a prior conviction arose under a statute that has since been determined unconstitutional by an appellate court, it cannot be counted in a criminal history score, *regardless of whether that holding remains good law*. *Smith*, 320 Kan. at 91. This is because the court found: "Nothing in the plain language of the statute qualifies this limitation by considering *subsequent repudiations* of an appellate court's holding that a statute is unconstitutional." 320 Kan. at 91.

While the court characterized this holding as a "literal" reading of the statute, 320 Kan. at 90, it seems overliteral. And we agree with the State that this reading leads to absurd results. As the State points out in its brief—in preserving its arguments for review—the holding in *Smith* essentially renders the Supreme Court's power to review Court of Appeals decisions meaningless. Under *Smith*, if any two judges on a Court of Appeals panel found a crime-defining statute unconstitutional, that would mean convictions under that statute could never be used for criminal history purposes, even if

the Kansas Supreme Court (or United States Supreme Court) subsequently reversed the majority of that panel's holding or overruled that holding in a later case. It also eliminates the Kansas Supreme Court's power to review and revisit its own rulings, thereby forever tying its hands. We fail to see why a mistake should be unnecessarily perpetuated and question whether the court considered these ramifications when rendering its decision in *Smith*.

So while the State is correct that we are bound by *Smith*, which requires that we vacate Kindle's sentence and remand this case for resentencing, we hope the Kansas Supreme Court will be persuaded to revisit its decision in *Smith* interpreting the language of K.S.A. 21-6810(d)(9).

Sentence vacated and case remanded with directions.